IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:15-cv-00432-LTB

**RICHARD THORNTON**,

      Applicant,

v.

**BARRY GOODRICH**, Warden, BCCF; and
**THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Richard Thornton, is an inmate at the Bent County Correctional Facility (BCCF) following his conviction, at a bench trial, on one count of Possession of Marijuana with Intent to Distribute, Second Offense, and one count of Conspiracy to Distribute Marijuana, between five and one-hundred pounds.  He is serving concurrent terms of twelve and ten years, respectively.  He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, raising only one claim:  that the trial court erred by failing to grant his motion for suppression of evidence seized during a traffic stop.  For the reason set forth below, the Application will be dismissed.

### A. Petitioner's Claim is not Cognizable in Federal Habeas Corpus

      The claim Applicant raises in the instant action attacks the state court's denial of his pre-trial suppression motion wherein he sought the suppression of evidence seized from his automobile during a traffic stop.  Specifically, he alleges that the officer who stopped his car unreasonably extended a lawful traffic stop beyond completion of the investigation of the traffic violation.  During the unreasonable delay, the officer conducted a canine search around applicant's vehicle.  The canine indicated the possible presence of drugs; the officers prepared to search applicant's car; applicant then admitted he had 45 pounds

of marijuana; and the search uncovered two large bales of marijuana. Applicant argues that because the search resulted from an unreasonable detention after the investigation of the traffic violation was complete, the search violated the Fourth Amendment. Prior to trial, Applicant moved to suppress the traffic stop's fruits because they were obtained in violation of his rights under the Fourth Amendment to the United States constitution and Article II, Section 7, of the Colorado state constitution. The trial court held an evidentiary hearing, heard argument, and denied the motion. Subsequently, he was found guilty of all charges.

In his present habeas Application, Plaintiff claims that the search of his automobile violated his constitutional rights under the 4th and 14th Amendments. The Fourth Amendment, which assures the right of the people to be secure in their persons, houses, papers, and effects, protects against unreasonable searches and seizures. The Amendment was primarily a reaction to the evils associated with the use of the general warrant in England and the writs of assistance in the Colonies and was intended to protect the sanctity of a man's home and the privacies of life from searches under unchecked general authority. *Stone v. Powell*, 428 U.S. 465, 483 (1976). Evidence obtained by police officers in violation of the Fourth Amendment is excluded at trial in the hope that the frequency of future violations will decrease. *James v. Illinois*, 493 U.S. 307 (1990). This "exclusionary rule" was a judicially created means of effectuating the rights secured by the Fourth Amendment by prohibiting the use of illegally-obtained evidence in the government's direct case as substantive evidence of guilt. *United States v. Havens*, 446 U.S. 620, 628 (1980).

The exclusionary rule, however, is not a basis for habeas relief if the state afforded the defendant a full and fair opportunity to litigate his fourth amendment claim.

A claim of illegal search and seizure under the Fourth Amendment is crucially different from many other constitutional rights; ordinarily the evidence seized can in no way have been rendered untrustworthy by the

2

means of its seizure and indeed often this evidence alone establishes beyond virtually any shadow of a doubt that the defendant is guilty. Application of the rule thus deflects the truthfinding process and often frees the guilty. The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule is contrary to the idea of proportionality that is essential to the concept of justice. Thus, although the rule is thought to deter unlawful police activity in part through the nurturing of respect for Fourth Amendment values, if applied indiscriminately it may well have the opposite effect of generating disrespect for the law and administration of justice.

*Stone v. Powell*, 428 U.S. at 491 (citations omitted).

The *Stone v. Powell* habeas preclusion applies to a state court error in deciding the Fourth Amendment claim, *Singletary v. Frey*, 793 F.2d 212 (8th Cir.), *cert. denied*, 479 U.S. 934 (1986), *reh'g denied*, 479 U.S. 1047, and to a state court's determination that violation of a habeas petitioner's Fourth Amendment rights constituted harmless error. *Gilmore v. Marks*, 799 F.2d 51 (3d Cir. 1986) (rejecting argument that erroneous determination of habeas petitioner's Fourth Amendment claim overcomes *Stone* because that claim is really a due process violation), *cert. denied*, 479 U.S. 1041 (1987)).  Thus, a federal court may not reexamine:  1) a state court's determination that no Fourth Amendment violation occurred; 2) a state court's determination that a Fourth Amendment violation did occur; or 3) a state court's determination that a Fourth Amendment violation occurred but introduction of its fruits was harmless.

In the Applicant's case, a suppression hearing was held.  After the hearing, the trial court determined that the evidence was not subject to suppression under the Fourth Amendment.  Under the principle set forth by the United States Supreme Court in *Stone v. Powell*, this federal court is precluded from reviewing the state court's determination regarding the admissibility of the seized evidence.  Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 filed by Applicant Richard Thornton is **DISMISSED**.  It is

    **FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.  It is

    **FURTHER ORDERED** that there is no basis on which to issue a certificate of

appealability pursuant to 28 U.S.C. § 2253(c).

    DATED __ May 13 __, 2015.

                          BY THE COURT:


                          ___ s/Lewis T. Babcock_____
                          LEWIS T. BABCOCK, Senior Judge
                          United States District Court