IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00432-LTB

**RICHARD THORNTON**,

    Applicant,

v.

**BARRY GOODRICH**, Warden, BCCF; and
**THE ATTORNEY GENERAL OF THE STATE OF COLORADO**,

    Respondents.

## ORDER ON MOTION FOR RECONSIDERATION

Applicant, Richard Thornton, is serving a term of twelve years following his conviction of one count of Possession of Marijuana with Intent to Distribute and one count of Conspiracy to Distribute Marijuana. He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, raising only one claim: that the trial court erred by failing to grant his motion for suppression of evidence seized during a traffic stop.

On May 13, 2015, this Court denied his Application under the directive set forth in *Stone v. Powell*, 428 U.S. 465, 483 (1976), which provides that a federal court may not reexamine: 1) a state court's determination that no Fourth Amendment violation occurred; 2) a state court's determination that a Fourth Amendment violation did occur; or 3) a state court's determination that a Fourth Amendment violation occurred but introduction of its fruits was harmless. The Order dismissing Mr. Thornton's application specifically provided that there was no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (ECF No. 13, p. 4). A Judgment was entered that same date (ECF No. 14).

On June 9, 2015, Mr. Thornton filed a "Motion for Reconsideration for Certificate of Appealability" (ECF No. 15). Section 2253 of Title 28 governs appeals from district court orders

regarding habeas corpus applications. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A COA should be issued only when an applicant has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

There is a difficulty with this provision when the district court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In *Slack v. McDaniel*, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the application states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. at 485.

> . . . Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments. The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues. The *Ashwander* rule should inform the court's discretion in this regard.

*Id*.

Applying this standard to the instant case, the court concluded that jurists of reason would not find it debatable that *Stone v. Powell* precludes federal court review of his claim. Accordingly, a certificate of appealability was denied. Applicant has set forth no meritorious argument to challenge that determination. Accordingly, it is

**ORDERED** that the Motion for Reconsideration for Certificate of Appealability (ECF No. 15) is **DENIED**.

DATED     June 15     , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court