IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00432-PAB

RICHARD THORNTON,

     Applicant,

v.

BARRY GOODRICH, Warden, BCCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER

---

     Before the Court is Applicant Richard Thornton's Motion for Waiver of PACER Research Fees [Docket No. 34; June 7, 2016].  The Court must construe Applicant's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court denies the motion.

     In the motion, Applicant "asks this Court to waive the fees associated with the research site PACER.gov."  [Docket No. 34 at 1].  He claims that during his transfer from a Colorado correctional facility to an Arizona correctional facility, his legal file and documents were lost.  [*Id.*].  He further asserts that he has attempted to "replace those files through the state court clerks offices, however the time that has elapsed has proven to to [sic] be impossible, and the plaintiff has been directed to PACER.gov."

1

[*Id.*].  He asks the Court for a "waiver of [PACER] fees" to "allow him to research those

lost transcripts, records and other files" so that he can litigate his habeas corpus claim

in this action.  [*Id.* at 2].  Applicant does not identify any specific document he seeks to

obtain from PACER.

A court may allow indigent litigants to access PACER (Public Access to Court

Electronic Records) without charge.  Specifically, Paragraph (9) of the Electronic Public

Access Fee Schedule (https://www.pacer.gov/documents/epa-feesched.pdf) issued by

the Judicial Conference of the United States provides that

> Courts may exempt certain persons or classes of persons from payment
> of the user access fee [, e.g.] indigents, [... if the person seeking the
> exemption has] demonstrated that an exemption is necessary in order to
> avoid unreasonable burdens and to promote public access to
> information[.]

Applicant does not satisfy this standard.  In the motion, Applicant contends that

he needs "transcripts, records, and other files" to fully and fairly litigate his § 2254 claim

regarding an alleged Fourth Amendment violation in his state court proceedings.

Applicant's broad request for access to PACER, however, does not explain which

documents on PACER are relevant to his claim in this action.  Moreover, on December

21, 2016, Applicant filed a "Motion for Relief from Judgment Under Federal Rules of

Civil Procedure, Rule 60(B)," [Docket No. 37], which the Court construes as a Reply to

Respondents' Answer to Order to Show Cause and Answer to Application Under 28

U.S.C. § 2254 [Docket No. 36; Sept. 2, 2016].  In the Reply, Applicant references, cites,

and attaches portions of the state court record, including transcripts from the

suppression hearing and trial.  Finally, any attempt to reconstruct Applicant's lost state

court records through PACER would be futile because PACER is "an electronic public access service that allows users to obtain case and docket information online from *federal* appellate, district, and bankruptcy courts." *See* http://www.pacer.gov (emphasis added). State court files are not available on PACER. Applicant, thus, has not demonstrated that an exemption from payment of PACER fees is necessary to litigate his claim in this action.

For the reasons stated herein, it is

**ORDERED** that Applicant's Motion for Waiver of PACER Research Fees [Docket No. 34; June 7, 2016] is denied without prejudice.

DATED February 9, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge